[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff wife, whose birch name was Giannaras, married the defendant husband in Danbury, Connecticut on November 13, 1975. This is the second marriage for both of the parties. No children were born to the wife during the course of the marriage, although both the husband and the wife each have two children from their previous marriage.
Both of the parties have resided continuously in the State of Connecticut for at least one year prior to the commencement of these proceedings.
The marriage has broken down irretrievably, there is no reasonable prospect of any reconciliation, and a decree of dissolution may enter.
The parties last separated approximately fourteen (14) months ago and have continued to live separate and apart. CT Page 4464
This was the last of three separations during a somewhat tumultuous relationship.
The wife and her daughter testified as to the physical abuse heaped upon them during the course of the marriage. On occasion, both of the parties have been arrested and restraints have been imposed by the court.
Each is, however, industrious and hard working. She now works as a waitress and he is self-employed, operating his own trucking firm.
The husband claims that she was devious and deceitful in that she created situations so that she did not have to sleep with him. He testified further that her claim to the police that he hit her was false. He also denies ever having hit his step-daughter. He further alluded to possible infidelity by his wife but offered no proof of this and, therefore, the court discounts his claim entirely.
Suffice it to say, the court finds that both contributed to the breakdown of the marriage.
The reported income of the parties is approximately the same. Both are in apparent good health and are approximately the same age.
The court has a concern relative to the husband's testimony as to the joint savings account which he opened with his son. His direct testimony was that he had only put $2,500.00 to $3,000.00 in this account. Exhibit C, however, belies this testimony. As recently as March 30, 1990, there was a balance of $20,492.65 in this account. This raises also a more serious question as to where these funds were generated. The defendant's credibility has been tarnished by this evidence.
Nonetheless, considering the length of the marriage and all of the other criteria mandated by Connecticut General statutes, Secs. 46b-81 and 46b-82, the court further orders as follows:
1. The husband shall convey all of his right, title and interest in the marital home to the wife and she shall forthwith execute and deliver to the husband a mortgage deed and note in the amount of $35,000.00, interest free, which sum shall be paid to the husband upon the first of the happening of the following events: CT Page 4465
a) death of the wife,
 b) cohabitation or remarriage by the wife,
c) thirty (30) months from the date herein.
Until such a time as the happening of the first of the above events, the husband shall be responsible for the monthly payment of the first mortgage and the real estate taxes. The wife shall be responsible for the payment of the second mortgage and all other expenses of the home and shall hold the husband harmless. After the husband's obligation to maintain the monthly payment of the first mortgage ceases, then the wife shall be responsible for the payment of the first mortgage and shall hold the husband harmless.
2. All of the furnishings in the marital home shall be the sole and exclusive property of the wife as well as the 1988 Mitsubishi.
3. All of the vehicles and business equipment shown on the husband's financial affidavit shall be his sole and exclusive property as well as his American National Pension.
4. The husband shall pay to the wife, within thirty (30) days, the sum of $1,000.00 as an allowance to prosecute.
5. The husband shall pay to the wife, as periodic alimony, the sum of $200.00 per month for a period of three (3) years, but shall sooner terminate upon the happening of one of the following events:
a) death of either party,
 b) remarriage or cohabitation by the wife.
In no event, however, shall alimony be modifiable as term.
6. Each of the parties shall be responsible for his her own liabilities.
MIHALAKOS, J. CT Page 4466